**AUTO SPECIALTIES MFG. CO.**

*v.*

**HYDE PARK IRON WORKS, Inc.**

Civ. 13485.

United States District Court,
E. D. New York.

Sept. 28, 1953.

Albert C. Johnston, New York City, for plaintiff.

Samuel J. Stoll, Jamaica, N. Y., for defendant.

RAYFIEL, District Judge.

The plaintiff sued to enjoin the defendant from infringing plaintiff's patent, N. 2,630,295, covering an automobile jack. The defendant moved under Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for summary judgment dismissing the complaint "on the ground that the pleadings and annexed affidavits show that there is no genuine issue as to any material fact and that the complaint does not state a claim against the defendant upon which relief can be granted."

Two affidavits were submitted in support of the defendant's motion. One, by Samuel S. Kolodin, states simply that he is president of the defendant corporation, and that it neither has been nor is engaged in the manufacture or sale of "automobile jacks of any nature or description whatsoever". The other, by Samuel J. Stoll, Esq., attorney for the defendant, states, inter alia, that Mr. Kolodin, at the time of the service upon him of the summons and complaint herein, informed the United States Marshal of the fact that the defendant did not manufacture or sell automobile jacks, and that shortly thereafter, the plaintiff having in the interim learned of Mr. Kolodin's claim, actions for relief similar to that sought herein were commenced against the said Samuel S. Kolodin, doing business as Hyde Park Iron Works Company, and against Frances Kolodin, doing business as Hyde Park Iron Works. Mr. Stoll further states that he communicated with the plaintiff's attorney by telephone and letter, informing him of the fact that neither the corporate defendant nor Frances Kolodin was engaged in the manufacture or sale of automobile jacks, that the "real party in interest was Samuel S. Kolodin, doing business as Hyde Park Iron Works Company" the same Samuel S. Kolodin— and suggesting that the actions against both the corporate defendant and Frances Kolodin be discontinued, in which event the plaintiff could have the assurance and the agreement of the said Samuel S. Kolodin that he would personally assume full responsibility for the manufacture and sale of all automobile jacks in question.

Frances Kolodin is the wife of Samuel S. Kolodin. The enterprises operated by both the husband and wife under the aforementioned trade or assumed names occupy the same premises as those in which the business of the defendant herein is conducted. Apparently the business of the corporate defendant is owned and controlled by them. The names of all three concerns are confusingly similar and the nature and character and manner of conduct of the business of each of them are naturally quite within the knowledge of the Kolodins.

The plaintiff may have recourse to the rules for depositions and discovery to ascertain who is actually responsible for the manufacture and/or sale of the allegedly infringing jacks. That is the chief issue involved in this case and should not be decided on affidavits.

Subdivision (f) of Rule 56 of the Federal Rules of Civil Procedure provides

that "should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

Accordingly the defendant's motion for summary judgment dismissing the complaint herein is denied.

Settle order on notice.